United States District Court
For the Northern District of California

1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                     NORTHERN DISTRICT OF CALIFORNIA

8

9   In Re.                                  No. C 06-7801 SI (pr)
                                             No. C 06-7802 SI (pr)
10  VINCENT ROSENBALM,                       No. C 07-0316 SI (pr)
                                             No. C 07-0606 SI (pr)
11         Plaintiff.                        No. C 07-0776 SI (pr)
                                             No. C 07-1295 SI (pr)
12  _____/        No. C 07-1555 SI (pr)

13                                           **ORDER TO SHOW CAUSE RE.**
                                             **CONTEMPLATED DISMISSAL**
14

15         Vincent Rosenbalm filed seven civil actions and two habeas corpus petitions in the last

16  several months.  He was in the Mendocino County Jail until February 2007, and has been in the

17  Napa State Hospital since then.  This order concerns only his civil rights complaints and petition

18  for writ of mandate; it does not concern his habeas petitions.  Rosenbalm seeks to proceed in

19  forma pauperis pursuant to 28 U.S.C. § 1915 in all the referenced cases.

20         A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the

21  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

22  an action or appeal in a court of the United States that was dismissed on the grounds that it is

23  frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

24  prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section

25  1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the

26  statute's 1996 enactment.  Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

27         For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state

28  a claim on which relief may be granted" parallels the language of Federal Rule of Civil

United States District Court

For the Northern District of California

1  Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

2  is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"

3  refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d

4  1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories

5  can be counted as strikes for § 1915(g) purposes, so the mere fact that Rosenbalm has filed many

6  cases, of which none apparently were successful, does not alone warrant dismissal under §

7  1915(g).  See id.  Rather, dismissal of an action under § 1915(g) should only occur when, "after

8  careful evaluation of the order dismissing an [earlier] action, and other relevant information, the

9  district court determines that the action was dismissed because it was frivolous, malicious or

10  failed to state a claim."  Id.

11  Andrews requires that the prisoner be given notice of the potential applicability of §

12  1915(g), by either the district court or the defendants, but also requires the prisoner to bear the

13  ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews

14  implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to

15  notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and

16  allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See

17  id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action

18  as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the

19  outset of the action.

20  A review of the dismissal orders in Rosenbalm's prior prisoner actions in this court

21  reveals that Rosenbalm has had at least three such cases dismissed on the ground that they were

22  frivolous, malicious, or failed to state a claim upon which relief may be granted.  Rosenbalm is

23  now given notice that the court believes the following dismissals may be counted as dismissals

24  for purposes of § 1915(g): (1) Rosenbalm v. Klein, N. D. Cal. Case No. C 96-850 SI (civil action

25  dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the

26  action is frivolous or malicious") because allegations in  complaint duplicated allegations in an

27  earlier action); (2) Rosenbalm v. Lungren, N. D. Cal. Case No. C 96-2121 SI (civil action

28

United States District Court

For the Northern District of California

1  dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the

2  action is frivolous or malicious") because allegations in complaint duplicated allegations in an

3  earlier action); (3) Rosenbalm v. Lungren, N. D. Cal. Case No. C 96-3375 SI (civil rights action

4  dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the

5  action is frivolous or malicious") because allegations in complaint duplicated allegations in an

6  earlier action); and (4) Rosenbalm v. State of California, N. D. Cal. Case No. C 96-0010 SI (civil

7  rights action dismissed for failure to state a claim upon which relief may be granted).  The court

8  made its evaluation of these cases based on the dismissal orders in them.  See Andrews, 398 F.3d

9  at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files

10 may need to be consulted).

11         In light of these dismissals, and because Rosenbalm does not appear to be under imminent

12 danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later

13 than **April 27, 2007** why in forma pauperis should not be denied and this action should not be

14 dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why this action

15 should not be dismissed, Rosenbalm may avoid dismissal by paying the full $350.00 filing fee

16 by the deadline for each of the referenced cases.  Rosenbalm also may be able to avoid dismissal

17 under § 1915(g) by showing that his current residence in the Napa State Hospital is pursuant to

18 a civil commitment, rather than as part of the criminal proceedings against him.  If he contends

19 he is in Napa State Hospital on a civil commitment, he must provide a copy of the order of

20 commitment as proof of that fact.

21         IT IS SO ORDERED.

22 Dated: March 21, 2007                              _____

23                                                    SUSAN ILLSTON
                                                      United States District Judge

24

25

26

27

28

3